UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE PARISHES

| | | |
|---|---|---|
| CHRISTIAN BLANKENSHIP, | ) | Civil Action No.: 6:17-cv-887 |
| | ) | |
| Plaintiff, | ) | Division: |
| | ) | |
| v. | ) | Section: |
| | ) | |
| GC SERVICES, LP, | ) | Judge: |
| | ) | |
| Defendant. | ) | Magistrate Judge: |

## PLAINTIFF'S COMPLAINT

Plaintiff, CHRISTIAN BLANKENSHIP ("Plaintiff"), through his attorney, Scott, Vicknair, Hair & Checki, LLC, alleges the following against Defendant, GC SERVICES, LP, ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k, and 15 U.S.C. 1693(m).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in New Iberia, Iberia Parish, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Houston, Houston County, Texas.

11. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arises from transactions for personal, family, and household purposes.

19. In or around March 2017 Defendant began calling Plaintiff on Plaintiff's cellular telephone, ending in 1849.

20. Defendant calls Plaintiff from 225-341-8727, which is one of Defendant's telephone numbers.

21. On March 16, 2017, Agruss Law Firm, LLC, mailed Defendant a letter requesting Defendant stop calling Plaintiff's cellular telephone.

22. Despite receiving the letter from Agruss Law Firm, LLC, Defendant continued to call Plaintiff's cellular telephone.

23. On April 10, 2017, Agruss Law Firm, LLC, mailed Defendant a second letter requesting Defendant stop calling Plaintiff's cellular telephone.

24. Despite receiving two letters from Agruss Law Firm, LLC, Defendant continued to call Plaintiff's cellular telephone.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

25. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(c) of the FDCPA by continuing to communicate further with the consumer after the consumer has notified the debt collector in

      writing that the consumer wishes the debt collector to cease further communication, when Defendant continued to place collection calls to Plaintiff's cell phone after receiving two written cease and desist letters;

  b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff's cell phone after receiving two written cease and desist letters; and

  c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff's cell phone after receiving two written cease and desist letters.

WHEREFORE, Plaintiff, CHRISTIAN BLANKENSHIP, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

26. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

28. Any other relief that this Honorable Court deems appropriate.

DATED:  July 10, 2017                    RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel Ford, Esq. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff